UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
OVERSEAS HOLDING LIMITED PARTNERSHIP

Bankruptcy Case No. 07-bk-10415-ALP

    Debtor
_____/

ERNEST B. HAIRE, III,

    Appellant/Cross-Appellee,

CASE NO. 8:08-cv-1716-T-24

v.

OVERSEAS HOLDING LIMITED PARTNERSHIP,

    Appellee/Cross-Appellant.
_____/

## **O R D E R**

This cause comes before the Court on Appellant's Motion to Stay Order on Motion to Determine Amount of Fees, Costs, and Sanctions. (Doc. No. 30). Appellee opposes the motion. (Doc. No. 31).

**I. Background**

In this appeal, Appellant Haire appealed an order of the bankruptcy court awarding attorneys' fees and costs to Debtor Overseas Holding Limited Partnership's ("OHLP") counsel after finding that Haire filed the involuntary petition in bad faith. This Court affirmed the bankruptcy court's decision denying setoff and then denied Haire's motion for clarification. (Doc. No. 22, 26). Thereafter, Haire appealed this Court's decision, and the appeal is currently pending before the Eleventh Circuit. (Doc. No. 27).

**II. Motion to Stay**

In the instant motion, Haire requests that the Court stay the bankruptcy court's order awarding attorneys' fees and costs to OHLP until the later of: (1) the bankruptcy court's resolution of Haire's Rule 60(b) motion, or (2) the Eleventh Circuit's resolution of Haire's appeal. Haire fails to cite to any legal authority to support his motion, in violation of Local Rule 3.01(a). As such, this Court could deny the motion for lack of compliance with this Court's Local Rules.

OHLP argues that Haire's motion should be denied, and it cites Federal Bankruptcy Rule 8017, which provides:

> On motion and notice to the parties to the appeal, the district court . . . may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court . . . unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment.

Fed. Bankr. R. 8017(b). Furthermore, OHLP states that the proper standard to be applied in determining whether to grant a stay pending appeal is set forth in the case of In re First South Savings Association, which sets forth four criteria:

> The four criteria are: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

In re First South Savings Association, 820 F.2d 700, 709 (5th Cir. 1987); see also Willcox v. Stroup, 358 B.R. 835, 837 (D.S.C. 2006)(citing the same four criteria and noting that Bankruptcy Rule 8017 is analyzed under the same framework as Bankruptcy Rule 8005); In re W.R. Grace &

Co., 2008 WL 5978951, at *7 (D. Del. Oct. 28, 2008)(citing the same four criteria and noting that Bankruptcy Rule 8017 is analyzed under the same framework as Bankruptcy Rule 8005); Jet Networks FC Holding Group v. Goldberg, 2009 WL 1616375, at *2 (S.D. Fla. June 9, 2009)(identifying the same four factors under Bankruptcy Rule 8005).

Since Haire has not cited any legal authority for his request or even cited the applicable rule, he has failed to address the four criteria listed above.[1] The Court is persuaded by OHLP's argument that Haire will not be irreparably injured if the stay is not granted, as the order sought to be stayed is a money judgment, and furthermore, Haire has not even alleged an inability to pay. Additionally, even if this Court were inclined to grant the motion to stay, this Court would require that Haire post a bond, which he has not offered to do.[2] See, e.g., Willcox, 358 B.R. at 839 (noting that while Rule 8017(b) does not require the posting of a bond, a bond will be necessary in most cases in order to protect the non-appealing party's rights).

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Appellant's Motion to Stay Order on Motion to Determine Amount of Fees, Costs, and Sanctions (Doc. No. 30) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of July, 2009.

Copies to:
Counsel of Record
The Honorable Alexander L. Paskay

SUSAN C. BUCKLEW
United States District Judge

---

[1] The Court will not look favorably on a motion to reconsider this Order due to Haire's failure to cite any legal authority in support of this motion.

[2] The Court declines Haire's invitation to accept the "arrangements" Haire allegedly made to acquire a $25,000 judgment as a substitute for a bond in this case. (Doc. No. 30, p. 4).